UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDRICK J. BUSH, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 11-10303-JLT |
| SHERIFF JOSEPH MCDONALD, | * | |
| Respondent. | * | |

ORDER

May 24, 2011

TAURO, J.

After reviewing the Parties' written submissions, this court hereby orders that Respondent's unopposed Motion to Dismiss the Petition for Writ of Habeas Corpus as Time-Barred [#7] is ALLOWED.

For convictions that became final after April 24, 1996, a petition for writ of habeas corpus must be filed within a one-year statute of limitations.[1] The limitations period begins to run on the date that the petitioner's convictions became final.[2] Here, the Massachusetts Supreme Judicial Court ("SJC") denied further appellate review in Petitioner's direct appeal on April 30, 2008.[3] Petitioner had ninety days in which to file a petition for certiorari in the United States Supreme Court, although he did not do so. Petitioner thus had one year plus ninety days, or until July 29,

---

[1] 28 U.S.C. § 2244(d)(1).

[2] Id. § 2244(d)(1)(A) (explaining that a conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review").

[3] See Resp't's Mot. Dismiss Pet. Writ Habeas Corpus Time-Barred, Ex. 3 [#7] [hereinafter Resp't's Mot.] (attaching the docket for Petitioner's case before the SJC).

2009, to file his habeas petition. Petitioner filed the Petition on February 18, 2011, approximately eighteen months after the limitations period had ended.[4] The Petition is thus untimely.

There is nothing in the Petition, in the record of Petitioner's other cases in this court, or in the state court dockets that would warrant tolling any part of the limitations period.[5] Moreover, Petitioner has not argued that the limitations period should be tolled.[6]

For these reasons, Respondent's Motion to Dismiss is ALLOWED. This case is CLOSED.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[4] Petitioner's two prior petitions for habeas corpus, Bush v. McDonald, No. 04-12122-JLT, and Bush v. McDonald, No. 08-10985-DPW, were dismissed as containing unexhausted claims. See Resp't's Mot., Ex. 4–7 [#1]. These prior petitions do not affect the statute of limitations here because they were not properly filed. See Rhines v. Weber, 544 U.S. 269, 274–75 (2005) ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." (citations omitted)).

[5] Cf. 28 U.S.C. § 2244(d)(2) (allowing the statute of limitations to be tolled during the pendency of a properly filed application for post-conviction or other collateral review).

[6] See Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) ("A habeas petitioner bears the burden of establishing the basis for equitable tolling." (citing Holland v. Florida, 130 S. Ct. 2549, 2562 (2010))).